OFFICE OF THE UNITED STATES TRUSTEE
TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING  3931
Assistant United States Trustee
1132 Bishop Street, Suite 602
Honolulu, Hawaii  96813
Telephone:  (808) 522-8154
Ustpregion15.hi.ecf@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

BANKRUPTCY DIVISION

| | | |
|---|---|---|
| In re | ) | CASE NO. 19-00011 |
| | ) | (Chapter 7) |
| ZIP GUAM INC., | ) | |
| | ) | |
| Debtor. | ) | Judge: FRANCES TYDINGCO-GATEWOOD |
| | ) | |

**UNITED STATES TRUSTEE'S STATEMENT REGARDING TRUSTEE'S APPLICATION TO EMPLOY COUNSEL FOR A SPECIAL PURPOSE**

The United States Trustee respectfully submits this statement regarding the Trustee's Application To Employ Professional ("Application') filed on March 21, 2019 and the Debtor's Objection To Trustee's Application To Engage Attorney ("Debtor's Opposition") filed on March 22, 2019.  The United States Trustee has standing to submit comments regarding employment applications pursuant to 28 U.S.C. §586(a)(3)(I).  The United States Trustee does not oppose the Application.

I. BACKGROUND

The Debtor filed this Chapter 7 bankruptcy case on January 23, 2019.  The Debtor had operated a business located at the Hilton Hotel.  The Debtor stopped operating on March 31, 2018.  According to the Statement of Financial Affairs ("SOFA"), No. 28, the Debtor's

1

principals include Trevor Takasu (President) and George Johnson (Vice President).  According to the Debtor's SOFA, No. 4, the Debtor made no payments within the year prior to filing for any debts owed to an insider. And according to the Debtor's SOFA, No. 13, the Debtor made no transfers of assets outside the ordinary course of business in the two years prior to filing.

The meeting of creditors was held on March 1, 2019.  The Debtor's principal, Mr. Takasu, appeared and testified.  According to the testimony at the meeting of creditors, the Debtor filed the bankruptcy case due to a lawsuit against it by a Robert Salas for a breach of contract.   Mr. Salas' attorney is Mitch Thompson.

At the meeting of creditors, the Debtor testified that in December 2018 the Debtor sold its lease at the Hilton Hotel for $180,000.  This appears contrary to the Debtor's statement in SOFA, No 13, that it had not transferred any assets in the two years prior to filing.  The $180,000 was received by the Debtor in December 2018.  Of this, the Debtor paid its President, Mr. Takasu, $120,000.  The Debtor also paid Vice-President George Johnson $120,000.  According to the Debtor's testimony, the payments were made on account of prior debts that were owed by the Debtor. These payments appear to contradict the Debtor's statement in SOFA, No 4, that it had made no payments in the year prior to filing for any debts owed to an insider.

Trustee Heath filed the Application seeking to employ Thompson as counsel for a special purpose using the Court's local form for employment of professionals.  The limited purpose of the employment is to pursue a potential recovery against the Debtor's principals for their receipt of $180,000 in December 2018 just prior to the bankruptcy filing.

The Debtor's Opposition is that Thompson has a "conflict of interest in that he is adverse to the Zip Guam Inc. estate."  Debtor's Opposition, p. 2.

## II. DISCUSSION

### A. Debtor Lacks Standing To Oppose The Trustee's Employment Of Counsel.

Debtors lack standing where they hold no pecuniary interest in a matter's outcome. See In re Parsons, 2014 WL 1329541 at *1 (Bankr. D. Haw. 2014) (debtor lacks standing to object to claim unless it has pecuniary interest in outcome); In re Sandwich Islands Distilling Corp., 2009 WL 3806680 at *3 (Bankr. D. Haw. 2009) (debtor lacks standing to object to claim since it lacks pecuniary interest in the case). See also In re Technicool Systems, Inc., 896 F.3d 382, 385 (5th Cir. 2018) (Debtor's owner had no standing to oppose trustee's retention of special counsel since he was not directly and adversely affected pecuniarily by the court's order).

In this case, the Debtor lacks any pecuniary interest in opposing the Trustee's retention of counsel. The Trustee's intention in hiring Mr. Thompson is to seek a potential recovery against the Debtor's *insiders* who appear to have received $180,000 on the eve of bankruptcy. The Debtor will neither gain nor lose money if the Trustee retains Mr. Thompson.

### B. Section 327(c) Authorizes The Trustee To Retain Counsel Who Represents A Trustee.

Section 327(c) states that in a case under Chapter 7, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by *another creditor or the United States trustee*, in which case the court shall disapprove such employment if there is an *actual conflict of interest*." 11 U.S.C. §327(c) [emphasis added].

Section 327(c) covers the current Application. Under the terms of section 327(c), Mr. Thompson is not disqualified for employment solely because he represents a creditor in this case. His retention can be denied only where (1) there is an objection by a creditor or the United States Trustee; and (2) there is an actual conflict of interest.

The only objection is by the Debtor. No objection has been raised by a creditor or the United States Trustee. Moreover, there is no actual conflict of interest. The Trustee's intention in hiring Mr. Thompson is to pursue assets for the estate against the Debtor's principals. That goal dovetails with the creditors' interests since the Trustee's recovery will ultimately result in payments to them.

## III. CONCLUSION

For the foregoing reasons, the United States Trustee does not oppose the Application.

DATED: March 22, 2019

        TIFFANY L. CARROLL
        Acting United States Trustee

        By: /s/ Curtis Ching
        Assistant United States Trustee